# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BRAD THOMAS COVINGTON,

    Plaintiff,

vs.

SAL GENUALDI,

    Defendant.

CV 210-129

## ORDER

Plaintiff Brad Thomas Covington filed this pro se lawsuit, alleging that Defendant Sal Genualdi[1] illegally seized and searched his vehicle during a traffic stop. Defendant Genualdi filed a Motion to Dismiss asserting that the claims against him should be dismissed because: (1) Genualdi did not search Covington's car; his only involvement in the case was issuing an arrest warrant based on a police report by City of Ludowici

---

[1] Defendant Sal Genualdi is named specifically throughout the lawsuit, but in Covington's account of the events forming the basis of this action, Plaintiff refers to two officers without specifying which, if either, is Genualdi. Nonetheless, given Plaintiff's focus on Genualdi in other parts of the complaint and giving Plaintiff proper leeway for a pro se litigant, the Court understands Genualdi's alleged conduct as giving rise to this suit.

1

Police Patrol Officer Frankie Goff; and (2) Covington pled guilty to possession of cocaine in the Long County Superior Court. See Dkt. No. 22. Because Genualdi attached an affidavit and a copy of Covington's plea to its Motion, the Court converted Genualdi's Motion to Dismiss into a Motion for Summary Judgment and ordered that Plaintiff present any evidence in opposition within 24 days from the receipt of the Court's May 22, 2012 Order. See Dkt. No. 23. Although several months have passed since that Order, Plaintiff has failed to present any evidence or argument in response.

The undisputed evidence in this case demonstrates that Genualdi had no involvement in the actual stop and seizure forming the basis of Covington's complaint. See Dkt. No. 22, Ex. A. Genualdi was not a patrol officer, but was a detective, who issued an arrest warrant based on the police report by City of Ludowici Police Patrol Officer Frankie Goff. Dkt. No. 22, Ex. A.

Furthermore, it is undisputed that Covington pled guilty to possession of cocaine in Long County Superior Court. Dkt. No. 22, Ex. B. If "a judgment in favor of a plaintiff would necessarily imply the invalidity of his conviction or sentence, [then] the [§ 1983] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477,

484-86 (1994). This rule applies not just to convictions by jury trial but also to guilty pleas, including pleas, like Covington's under North Carolina v. Alford, which is a guilty plea accompanied by an assertion of innocence. Alford, 400 U.S. 25, 37 (1970); see Ojegba v. Murphy, 178 F. App'x 888, 888 (11th Cir. 2006) (fact that plea was an Alford plea was "of no consequence" for the application of Heck).

Based on the foregoing, Defendant Genualdi's Motion for Summary Judgment, Dkt. No. 22, is **GRANTED**.

**SO ORDERED**, this 12th day of March, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA